**In the Interest of A.L.B.,
A Minor Child.**

**No. 10–01–198–CV.**

Court of Appeals of Texas,
Waco.

Aug. 15, 2001.

Margaret Meece, Meece & Associates, Bryan, for appellant.

Margaret Lalk, Brazos County Dist. Atty., John Samuel Paul, Attorney Ad Litem, Bryan, for appellee.

Before Chief Justice DAVIS, Justices VANCE, and GRAY.

## MEMORANDUM OPINION

PER CURIAM.

Sena Maffet appeals from an order terminating her parental rights. The notice of appeal was filed by Maffet in this Court on June 26, 2001. The notice is dated June 20. Maffet states in the notice that she seeks to appeal a judgment signed on March 6, 2001. She gives no explanation for the untimeliness of the notice of appeal. We dismiss the appeal for want of jurisdiction.

According to the Rules of Appellate Procedure, a notice of appeal for a civil case must be filed within 90 days after the judgment is signed if a motion for new trial or request for findings of fact and conclusions of law is timely-filed. Tex. R.App. P. 26.1(a). It appears that Maffet requested findings and conclusions. Thus, her notice of appeal was due by June 4. We sent notice to Maffet that her notice of appeal appeared to be untimely and requested a response showing grounds for continuing the appeal. Maffet did not respond to our request.

A notice of appeal which complies with the requirements of Rule 26 is essential to vest a court of appeals with jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex.1997) (construing the predecessor to Rule 26); *McCaskell v. The Methodist Hosp.*, 856 S.W.2d 519, 521 (Tex.App.—Houston [1st Dist.] 1993, no writ); *see also Fowler v. State*, 16 S.W.3d 426, 428 (Tex.App.—Waco 2000, pet. filed) (citing *Slaton v. State*, 981 S.W.2d 208, 209 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996)). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id.*

Maffet's notice of appeal was untimely. Accordingly, we do not have jurisdiction over this appeal and dismiss it for want of jurisdiction.