NO. 07-03-0264-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2003
_____

LYDIA GONZALES, individually, as surviving spouse of ISAAC
GONZALES, on behalf of the estate of ISAAC GONZALES, and as
next friend of ANDREW GONZALES, STEVEN GONZALES,
LATICIA GONZALES, and JENNIFER GONZALES,

Appellants

v.

HI-PLAINS HOSPITAL and KITTEN LINTON, M.D.,

Appellees
_____

FROM THE 64th DISTRICT COURT OF HALE COUNTY;

NO. A31394-0102-A; HON. JACK R. MILLER, PRESIDING
_____

*Opinion Dismissing Appeals*
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Lydia Gonzales, individually, as surviving spouse of Isaac Gonzales, on behalf of

the estate of Isaac Gonzales, and as next friend of Andrew, Steven, Laticia, and Jennifer

Gonzales (appellants) appealed from an order dismissing their lawsuit against Dr. Kitten

Linton and Hi-Plains Hospital. A cross-appeal was also filed by Linton. We dismiss the

appeals for lack of jurisdiction.

The order of dismissal was signed on January 31, 2003.[1] Assuming their motion for new trial was filed timely, appellants were required to file their notice of appeal within 90 days of January 31, 2003, TEX. R. APP. P. 26.1(a)(1), or by May 1, 2003. It was filed on May 27, 2003, however. Furthermore, no timely motion to extend the May 1st deadline preceded the notice. So, by letter dated June 30, 2003, this court requested that appellants explain why the appeal should not be dismissed for want of jurisdiction. Appellants responded.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.,* 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.* Because the notice of appeal at bar was filed untimely, we have no choice but to dismiss appellants' appeal.

As to the notice of appeal of Linton, the notice was filed on June 9, 2003.[2] Rule of procedure dictates that if any party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the first notice is filed. TEX. R. APP. P. 26.1(d). However, when the second notice is filed after the first and the first was filed after the time to perfect an appeal lapsed, then the timeliness of the second is dependent upon the timeliness of the first. *Bixby v. Bice,* 992 S.W.2d 615, 616 (Tex. App.--Waco 1999, no pet.). Since the first notice at bar was untimely, so too was the second. Consequently, the court lacks jurisdiction over either appeal.

---

[1] Through the order of dismissal, the trial court severed the claims of the appellants against Linton and Hi-Plains Hospital into a separate cause and, thereby, rendered the order final.

[2] In the notice of cross-appeal, Linton denied that appellants' notice was timely.

Accordingly, the appeals are dismissed for want of jurisdiction.


Per Curiam