NO. 07-03-0285-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 4, 2003
_____

FLOYD HARDEMAN,

Appellant

v.

REGIONAL ISLAMIC CHAPLAIN TALIB, ET AL.,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 48,263-C; HON. PATRICK A. PIRTLE, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Floyd Hardeman (Hardeman) appeals from an order dismissing his lawsuit against Regional Islamic Chaplain Talib, Senior Islamic Chaplain Shabazz, Senior Warden of Clements Unit Keith Price (individually and in his official capacity), Regional Director John Gilbert (individually and in his official capacity), Director Gary Johnson (individually and in his official capacity), Chairman of the Texas Department of Criminal Justice Allan Polunsky (individually and in his official capacity), and Clements Unit Senior Chaplain Murphy Rory (individually and in his official capacity). We dismiss the appeal for lack of

jurisdiction.

On May 8, 2000, and July 24, 2000, the trial court signed separate orders dismissing Hardeman's suit against all of the defendants. He subsequently filed a notice of appeal on February 13, 2003, wherein he asserted that he was appealing from a dismissal order signed on or about January 24, 2003. The clerk's record before us does not reflect the order mentioned in the notice exists. Thus, we contacted Hardeman, via letter dated August 11, 2003, and advised him of this situation. We also directed him to inform us of why we had jurisdiction over his appeal, which response was due no later than August 21, 2003. To date, a response has not been received.

To be timely and depending upon various circumstances, a notice of appeal must be filed within 30 or 90 days after a final order disposing of the case is signed. TEX. R. APP. P. 26.1(a). Here, approximately two and one-half years lapsed between the dates on which the trial court signed the dismissal orders disposing of the case and the date on which the notice of appeal was filed. Because a timely notice of appeal is essential to invoke our appellate jurisdiction, *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.), and Hardeman did not file one, we cannot but dismiss the appeal. *Id.*

Accordingly, the appeal is dismissed for want of jurisdiction.


Per Curiam


2