NO. 07-03-0464-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 6, 2004

_____

RANDY LACKEY,

Appellant

v.

ROBERT E. McCOOL,

Appellee

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-518,887; HON. J. BLAIR CHERRY, PRESIDING

_____

*Order of Dismissal*

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Randy Lackey (Lackey) appeals from a take-nothing judgment rendered in favor of Robert E. McCool (McCool). We dismiss the appeal for lack of jurisdiction.

The order granting McCool's summary judgment and finally disposing of all claims was signed on September 12, 2003. No motion for new trial was filed. Notice of appeal was received by the trial court clerk and contains a file mark of October 20, 2003. Because Lackey's notice of appeal was due no later than October 13, 2003, his notice was

untimely.  TEX. R. APP. P. 26.1 (stating that one must file a notice of appeal within 30 days of the date the final order is signed, unless that deadline has been extended by motion or rule of procedure).  Furthermore, no timely motion to extend the October 12th deadline was received by this court.  So, by letter dated December 10, 2003, this court directed Lackey to explain, by December 22, 2003, either why the notice of appeal was late or why he believed it to be timely.  He was also told that the failure to comply with the directive may result in the dismissal of the appeal.  To date, no response has been received.

A timely notice of appeal is essential to invoke our appellate jurisdiction.  *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.).  If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding.  *Id.* However, the aforementioned deadline may be extended if, within 15 days after the deadline expires, a notice of appeal is tendered to the court clerk along with a motion requesting that the deadline be extended.  TEX. R. APP. P. 26.3.  The motion must contain, among other things, a recitation of the facts relied on to reasonably explain the need for an extension.  TEX. R. APP. P. 10.5(b)(1)(C).  And, while we are to imply that a motion to extend has been filed when a litigant merely tenders a notice of appeal within the aforementioned window, *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), Lackey must still reasonably explain the need for an extension.  *Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex. App.--Amarillo 1999, writ denied).  It is not enough to simply file a notice of appeal.  Since no explanation has been provided, Lackey has failed to timely perfect his appeal.  *Bixby v. Bice,* 992 S.W.2d 615, 616 (Tex. App.--Waco 1999, no pet.)*; Miller v. Greenpark*

2

*Surgery Center Assoc.*, 974 S.W.2d 805 (Tex. App.--Houston [14th Dist.] 1998, no writ) (dismissing because no explanation was offered).

Accordingly, we dismiss the appeal for want of jurisdiction.


Brian Quinn
Justice