NO. 07-04-0321-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 26, 2004


______________________________



CHRISTY and RICKEY WOODARD, 



 Appellants


v.



DR. ROBERT W. HIGGINS and PANHANDLE


SPORTS MEDICINE INSTITUTE,


 

 Appellees


________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,412-E; HON. ABE LOPEZ, PRESIDING



_______________________________



Order of Dismissal


________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.


 Christy and Rickey Woodard appeal from an order dismissing their cause against
Dr. Robert W. Higgins and Panhandle Sports Medicine Institute. We dismiss the appeal
for lack of jurisdiction. 

 The order granting dismissal was signed on May 10, 2004. No motion for new trial
was filed. Furthermore, the notice of appeal received by the trial court clerk contains a file
mark of June 11, 2004, and the certificate of service executed by counsel for the
Woodards discloses that the document was mailed to this court and opposing counsel on
June 11, 2004. Because the deadline to perfect an appeal was June 9, 2004, the notice
of appeal appeared untimely. Tex. R. App. P. 26.1 (stating that one must file a notice of
appeal within 30 days of the date the final order is signed, unless that deadline has been
extended by motion or rule of procedure). Furthermore, no motion (timely or otherwise)
to extend the June 9th deadline was received by this court. 

 By letter dated July 12, 2004, we directed appellants to explain why the notice of
appeal was late or why they believed it to be timely. The explanation was due by July 22,
2004. They were also told that the failure to comply with this directive may result in the
dismissal of the appeal. To date, no response has been received. 

 A timely notice of appeal is essential to invoke our appellate jurisdiction. In re
A.L.B., 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). If the notice is untimely, then
the court of appeals can take no action other than to dismiss the proceeding. Id. However,
the aforementioned deadline may be extended if, within 15 days after it expires, a notice
of appeal is tendered to the court clerk along with a motion requesting an extension. Tex.
R. App. P. 26.3. Additionally, the motion must contain, among other things, a recitation of
the facts relied on to reasonably explain the need for an extension. Tex. R. App. P.
10.5(b)(1)(C). And, while we are to imply that a motion to extend has been filed when a
litigant merely tenders a notice of appeal within the 15-day time period, Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997), appellants must still reasonably justify their need for an
extension. Kidd v. Paxton, 1 S.W.3d 309, 310 (Tex. App.--Amarillo 1999, writ denied). It
is not enough to simply file a notice of appeal. 

 Since the notice of appeal at bar was filed after the June 9th deadline and the
appellants did not explain or justify the delay as per our directive, we conclude that they
failed to timely perfect their appeal. Bixby v. Bice, 992 S.W.2d 615, 616 (Tex. App.--Waco
1999, no pet.); Miller v. Greenpark Surgery Center Assoc., 974 S.W.2d 805 (Tex. App.--Houston [14th Dist.] 1998, no writ) (dismissing because no explanation was offered). 

 Accordingly, we dismiss the appeal for want of jurisdiction. 


 Brian Quinn

 Justice



onse to that
letter. This state of affairs requires that we abate this appeal to the trial court for a hearing
to determine whether appellant wishes to abandon his appeal, and if not, whether his
retained counsel will diligently pursue the appeal. Accordingly, this appeal is abated and
the cause remanded to the 181st District Court of Potter County, Texas.

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeal.

 2. Whether his present attorney will diligently pursue the appeal.

 3. If it be determined that the present attorney will not diligently pursue the
appeal, whether appellant is presently indigent, and if so, whether other
counsel should be appointed to represent him. 

 

 4. If it be determined that another attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed. 


 5. If appellant is not indigent and the present attorney will not diligently
pursue the appeal, what steps need to be taken to ensure that appellant will
promptly obtain the services of another attorney to pursue the appeal.


 6. If any other orders are necessary to ensure the proper and timely pursuit
of appellant's appeal.


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to
the clerk of this court no later than October 15, 2001. 

 It is so ordered. 

 Per Curiam

Do not publish.