NO. 07-05-0020-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 16, 2005


______________________________



IN THE MATTER OF THE MARRIAGE OF


DONNA LYNN CRAWFORD AND MICHAEL SCOTT CRAWFORD



________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 69,271-D; HON. DON EMERSON, PRESIDING



_______________________________



Order of Dismissal


________________________________



Before QUINN, REAVIS and CAMPBELL, JJ.


 Michael Scott Crawford appeals from the trial court judgment granting a divorce. We
dismiss the appeal for lack of jurisdiction.

 The record before us reveals that the final divorce decree was signed on November
2, 2004. Pursuant to the Texas Rules of Appellate Procedure, appellant was required to
file his motion for new trial or notice of appeal with the clerk of the trial court no later than
30 days after the signing of the final decree, or by December 2, 2004. A motion for new
trial and the notice of appeal were filed on January 19, 2005. Because the deadline to
perfect an appeal was December 2, 2004, the notice of appeal appeared untimely. Tex.
R. App. P. 26.1 (stating that one must file a notice of appeal within 30 days of the date the
final order is signed, unless that deadline has been extended by motion or rule of
procedure). Furthermore, no motion (timely or otherwise) to extend the December 2nd
deadline was received by this court. 

 By letter dated March 3, 2005, we directed appellant to explain why the notice of
appeal was late or why he believed it to be timely. The explanation was due by March 14,
2005. He was also told that the failure to comply with this directive would result in the
dismissal of the appeal. To date, no response has been received. 

 A timely notice of appeal is essential to invoke our appellate jurisdiction. In re
A.L.B., 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). If the notice is untimely, then
the court of appeals can take no action other than to dismiss the proceeding. Id. However,
the aforementioned deadline may be extended if, within 15 days after it expires, a notice
of appeal is tendered to the court clerk along with a motion requesting an extension. Tex.
R. App. P. 26.3. Additionally, the motion must contain, among other things, a recitation of
the facts relied on to reasonably explain the need for an extension. Tex. R. App. P.
10.5(b)(1)(C). And, while we are to imply that a motion to extend has been filed when a
litigant merely tenders a notice of appeal within the 15-day time period, Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997), appellants must still reasonably justify their need for an
extension. Kidd v. Paxton, 1 S.W.3d 309, 310 (Tex. App.--Amarillo 1999, writ denied). It
is not enough to simply file a notice of appeal. 

 However, having failed to timely file a motion for new trial or ask for an extension of
time in which to file his notice of appeal, the 90-day rule according to Texas Rule of
Appellate Procedure 26.1(a)(1) does not apply in this case. Therefore, appellant's notice
of appeal was not timely filed. Since the notice of appeal was untimely filed and appellant
did not explain or justify the delay as per our directive, we conclude that he failed to timely
perfect his appeal. Bixby v. Bice, 992 S.W.2d 615, 616 (Tex. App.--Waco 1999, no pet.);
Miller v. Greenpark Surgery Center Assoc., 974 S.W.2d 805 (Tex. App.--Houston [14th
Dist.] 1998, no writ) (dismissing because no explanation was offered). 

 Accordingly, we dismiss the appeal for want of jurisdiction. 


 Brian Quinn

 Justice



is binding and enforceable when accepted by the trial court. Wright v. State, 158 S.W.3d
590, 595 (Tex. App.-San Antonio 2005, pet. ref'd). Should it not be enforced or
susceptible to enforcement, however, it lies with the defendant to either request its specific
performance or opt to withdraw his plea. Id. Given that 1) the trial court accepted the plea
agreement and pronounced sentence upon appellant based on what it understood the
terms to be and 2) defendant did not move for new trial or otherwise attempt to withdraw
his plea, the trial court erred in sua sponte retracting its sentence and granting new trial.

 Accordingly, we sustain appellant's first issue, reverse the judgment entered in this
cause, reinstate the judgment as originally pronounced at the plea hearing, and remand
the cause to the trial court to proceed as if it had not granted the new trial. Zaragosa v.
State, 588 S.W.2d at 327 (so ordering). Finally, our disposition of the first issue relieves
us from having to address appellant's contention regarding double jeopardy and the refusal
to grant his motion to suppress. (2) 


 Brian Quinn 

 Chief Justice 

Publish.
1. The assistant prosecutor intimated that when the parties were discussing the waiver of appellant's
right to "appeal" she understood that term to mean his right to prosecute any type of "writ" founded upon the
incident in question. An appeal differs from a writ, however. The latter is an original proceeding while the
former is not. Thus, we cannot accept the proposition that an appeal ipso facto encompasses an application
for writ of habeas corpus or one under art. 11.07 of the Texas Code of Criminal Procedure.
2. Per the plea agreement, appellant waived his right to question that matter.