NO. 07-05-0020-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 16, 2005
_____

IN THE MATTER OF THE MARRIAGE OF
DONNA LYNN CRAWFORD AND MICHAEL SCOTT CRAWFORD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 69,271-D; HON. DON EMERSON, PRESIDING

_____

***Order of Dismissal***
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Michael Scott Crawford appeals from the trial court judgment granting a divorce. We dismiss the appeal for lack of jurisdiction.

The record before us reveals that the final divorce decree was signed on November 2, 2004. Pursuant to the Texas Rules of Appellate Procedure, appellant was required to file his motion for new trial or notice of appeal with the clerk of the trial court no later than 30 days after the signing of the final decree, or by December 2, 2004. A motion for new trial and the notice of appeal were filed on January 19, 2005. Because the deadline to perfect an appeal was December 2, 2004, the notice of appeal appeared untimely. TEX. R. APP. P. 26.1 (stating that one must file a notice of appeal within 30 days of the date the

final order is signed, unless that deadline has been extended by motion or rule of procedure). Furthermore, no motion (timely or otherwise) to extend the December 2nd deadline was received by this court.

By letter dated March 3, 2005, we directed appellant to explain why the notice of appeal was late or why he believed it to be timely. The explanation was due by March 14, 2005. He was also told that the failure to comply with this directive would result in the dismissal of the appeal. To date, no response has been received.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.* However, the aforementioned deadline may be extended if, within 15 days after it expires, a notice of appeal is tendered to the court clerk along with a motion requesting an extension. TEX. R. APP. P. 26.3. Additionally, the motion must contain, among other things, a recitation of the facts relied on to reasonably explain the need for an extension. TEX. R. APP. P. 10.5(b)(1)(C). And, while we are to imply that a motion to extend has been filed when a litigant merely tenders a notice of appeal within the 15-day time period, *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997), appellants must still reasonably justify their need for an extension. *Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex. App.--Amarillo 1999, writ denied). It is not enough to simply file a notice of appeal.

However, having failed to timely file a motion for new trial or ask for an extension of time in which to file his notice of appeal, the 90-day rule according to Texas Rule of Appellate Procedure 26.1(a)(1) does not apply in this case. Therefore, appellant's notice of appeal was not timely filed. Since the notice of appeal was untimely filed and appellant

2

did not explain or justify the delay as per our directive, we conclude that he failed to timely perfect his appeal. *Bixby v. Bice,* 992 S.W.2d 615, 616 (Tex. App.--Waco 1999, no pet.)*; Miller v. Greenpark Surgery Center Assoc.,* 974 S.W.2d 805 (Tex. App.--Houston [14th Dist.] 1998, no writ) (dismissing because no explanation was offered).

Accordingly, we dismiss the appeal for want of jurisdiction.


Brian Quinn
Justice