NO. 07-04-0101-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 7, 2005


______________________________



1995 CHEVROLET BLAZER VIN: 1GNDT13W1S2180389 


 TEXAS TAG: 5GN S11, 

 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 90,355-D; HON. DON EMERSON, PRESIDING


_______________________________





Memorandum Opinion



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Kendrick J. Fulton appeals, pro se, from a summary judgment providing for the
forfeiture of his automobile as contraband pursuant to Chapter 59 of the Code of Criminal
Procedure. We dismiss the appeal for lack of jurisdiction. 

 The order granting summary judgment was signed on January 23, 2004. No
motion for new trial was filed. Furthermore, the notice of appeal contains a file mark of
March 12, 2004, although the deadline by which Fulton had to perfect an appeal was
February 23, 2004. Tex. R. App. P. 26.1 (stating that one must file a notice of appeal within
30 days of the date the final order is signed, unless that deadline has been extended by
motion or rule of procedure). Additionally, no motion to extend the deadline was received
by this court. However, appellant's notice of appeal was postmarked on March 9, 2004,
a period within 15 days of the deadline. See Tex. R. App. P. 9.2(b) (stating that a document
received within ten days after the filing deadline is considered timely if it was deposited in
the mail on or before the last day for filing); Tex. R. App. P. 26.3 (stating that the deadline
to perfect an appeal may be extended upon motion filed within 15 days of the deadline). 
In it, he stated that if the notice was late, he wished the court to know that he was in federal
custody, was not an attorney, had no training in or experience with the law, did not know
of the applicable deadline, had no access to Texas legal authority, and had no means of
learning about the deadline. 

 A timely notice of appeal is essential to invoke our appellate jurisdiction. In re
A.L.B., 56 S.W.3d 651, 652 (Tex. App.-Waco 2001, no pet.). If the notice is untimely, then
the court of appeals can take no action other than to dismiss the proceeding. Id. However,
the aforementioned deadline may be extended if, within 15 days after it expires, a notice
is tendered to the court clerk along with a motion requesting an extension. Tex. R. App. P.
26.3. Additionally, the motion must contain, among other things, a recitation of the facts
relied on to reasonably explain the need for an extension. Tex. R. App. P. 10.5(b)(1)(C). 
Moreover, while we are to imply that a motion to extend has been filed when a litigant
merely tenders a notice of appeal within the 15-day time period, Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997), the appellant must still reasonably justify the need for an
extension. Kidd v. Paxton, 1 S.W.3d 309, 310 (Tex. App.-Amarillo 1999, pet. denied). 
Should he not, then the appeal is subject to dismissal. Id. Fulton failed in this regard.

 That a litigant may be pro se does not change the fact that he is bound by the rules
of procedure just like those who retain legal counsel. See Holt v. F.F. Enterprises, 990
S.W.2d 756, 759 (Tex. App.-Amarillo 1998, pet. denied) (holding that pro se litigants are
held to the same standards as licensed attorneys and must comply with the applicable laws
and rules of procedure); Estate of Caldwell, 918 S.W.2d 9, 10 (Tex. App.-Amarillo 1996,
no writ) (holding that pro se litigants are also bound to know and abide by the rules of
appellate procedure). Thus, Fulton cannot simply invoke his status as a pro se litigant to
justify non-compliance with the rules of procedure. Plummer v. Reeves, 93 S.W.3d 930,
931 (Tex. App.-Amarillo 2003, pet. denied). 

 Nor is Fulton's status as one "in federal custody" availing. It is important to recall
that his caretakers have the obligation to afford him access to the courts, which includes
access to adequate law libraries or adequate assistance from persons trained in the law. 
Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72, 83 (1977),
overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d
606 (1996); Thomas v. Brown, 927 S.W.2d 122, 125 (Tex. App.-Houston [14th Dist.] 1996,
writ denied). Fulton does not assert, under oath or otherwise, that the federal authorities
breached this obligation. Instead, he merely concludes, without explanation or factual
support, that he had no access or means to gain access to pertinent legal authority. 
Whether he attempted to gain that access goes unmentioned, as does the extent of those
efforts, if any. Moreover, we find it somewhat interesting that he knew enough about the
rules of appellate procedure to understand that one perfects an appeal by filing a written
notice of appeal, that he must do so within a certain time, and that any delay may be
remedied by proffering a reasonable explanation. We further note that his filing contains
most of the elements one includes in a proper notice, such as the date and title of the order
from which appeal is taken, the label to attach to his notice, and a certificate of service. So
too did he file the notice with the proper entity. Though this may simply be coincidence,
these requirements are not things that one supposedly unfamiliar with the law and rules of
procedure would most likely know. In other words, the acts he undertook to perfect this
appeal somewhat belie his representations about being ignorant of or lacking access to
pertinent laws and rules of procedure.

 Given the particular justifications mentioned and their very conclusory nature, we
determine that Fulton did not reasonably justify the need for an extension. Thus, his notice
was untimely and, accordingly, we dismiss the appeal for want of jurisdiction.


 Per Curiam