NO. 07-04-0101-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 7, 2005
_____

1995 CHEVROLET BLAZER VIN: 1GNDT13W1S2180389
TEXAS TAG: 5GN S11,

                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                  Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 90,355-D; HON. DON EMERSON, PRESIDING
_____

***Memorandum Opinion***

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Kendrick J. Fulton appeals, *pro se,* from a summary judgment providing for the forfeiture of his automobile as contraband pursuant to Chapter 59 of the Code of Criminal Procedure. We dismiss the appeal for lack of jurisdiction.

The order granting summary judgment was signed on January 23, 2004. No motion for new trial was filed. Furthermore, the notice of appeal contains a file mark of March 12, 2004, although the deadline by which Fulton had to perfect an appeal was

February 23, 2004. TEX. R. APP. P. 26.1 (stating that one must file a notice of appeal within 30 days of the date the final order is signed, unless that deadline has been extended by motion or rule of procedure). Additionally, no motion to extend the deadline was received by this court. However, appellant's notice of appeal was postmarked on March 9, 2004, a period within 15 days of the deadline. *See* TEX. R. APP. P. 9.2(b) (stating that a document received within ten days after the filing deadline is considered timely if it was deposited in the mail on or before the last day for filing); TEX. R. APP. P. 26.3 (stating that the deadline to perfect an appeal may be extended upon motion filed within 15 days of the deadline). In it, he stated that if the notice was late, he wished the court to know that he was in federal custody, was not an attorney, had no training in or experience with the law, did not know of the applicable deadline, had no access to Texas legal authority, and had no means of learning about the deadline.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.,* 56 S.W.3d 651, 652 (Tex. App.–Waco 2001, no pet.). If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.* However, the aforementioned deadline may be extended if, within 15 days after it expires, a notice is tendered to the court clerk along with a motion requesting an extension. TEX. R. APP. P. 26.3. Additionally, the motion must contain, among other things, a recitation of the facts relied on to reasonably explain the need for an extension. TEX. R. APP. P. 10.5(b)(1)(C). Moreover, while we are to imply that a motion to extend has been filed when a litigant merely tenders a notice of appeal within the 15-day time period, *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997), the appellant must still reasonably justify the need for an

extension.  *Kidd v. Paxton,* 1 S.W.3d 309, 310 (Tex. App.–Amarillo 1999, pet. denied). Should he not, then the appeal is subject to dismissal.  *Id.*  Fulton failed in this regard.

That a litigant may be *pro se* does not change the fact that he is bound by the rules of procedure just like those who retain legal counsel.  *See Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied) (holding that *pro se* litigants are held to the same standards as licensed attorneys and must comply with the applicable laws and rules of procedure); *Estate of Caldwell,* 918 S.W.2d 9, 10 (Tex. App.–Amarillo 1996, no writ) (holding that *pro se* litigants are also bound to know and abide by the rules of appellate procedure).  Thus, Fulton cannot simply invoke his status as a *pro se* litigant to justify non-compliance with the rules of procedure.  *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied).

Nor is Fulton's status as one "in federal custody" availing.  It is important to recall that his caretakers have the obligation to afford him access to the courts, which includes access to adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72, 83 (1977), *overruled on other grounds by Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Thomas v. Brown*, 927 S.W.2d 122, 125 (Tex. App.–Houston [14th Dist.] 1996, writ denied).  Fulton does not assert, under oath or otherwise, that the federal authorities breached this obligation.  Instead, he merely concludes, without explanation or factual support, that he had no access or means to gain access to pertinent legal authority. Whether he attempted to gain that access goes unmentioned, as does the extent of those efforts, if any.  Moreover, we find it somewhat interesting that he knew enough about the rules of appellate procedure to understand that one perfects an appeal by filing a written

3

notice of appeal, that he must do so within a certain time, and that any delay may be remedied by proffering a reasonable explanation. We further note that his filing contains most of the elements one includes in a proper notice, such as the date and title of the order from which appeal is taken, the label to attach to his notice, and a certificate of service. So too did he file the notice with the proper entity. Though this may simply be coincidence, these requirements are not things that one supposedly unfamiliar with the law and rules of procedure would most likely know. In other words, the acts he undertook to perfect this appeal somewhat belie his representations about being ignorant of or lacking access to pertinent laws and rules of procedure.

Given the particular justifications mentioned and their very conclusory nature, we determine that Fulton did not reasonably justify the need for an extension. Thus, his notice was untimely and, accordingly, we dismiss the appeal for want of jurisdiction.


Per Curiam

4