NO. 07-06-0054-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 20, 2006

_____

PATSY R. THOMPSON AND KENNETH N. THOMPSON, APPELLANTS

V.

WILLIAM BUTLER, JR., A FRANCHISEE, D/B/A SUBWAY,
SUBWAY FRANCHISE #12837, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 03-09-19300; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellants Patsy R. Thompson and Kenneth N. Thompson appeal the summary judgment entered in favor of appellee William Butler, Jr. d/b/a Subway. We dismiss the appeal.

The record before us reveals that the order granting summary judgment was signed on September 7, 2005. Appellants were required to file their motion for new trial or notice of appeal with the clerk of the trial court no later than 30 days after the signing of the final

judgment, or by October 7, 2005. TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b. A motion for new trial was filed on October 13, 2005, and the notice of appeal was filed on December 9, 2005. Because the deadline to file a motion for new trial or to perfect an appeal was October 7, the notice of appeal was untimely. *Id.*

Appellee filed a motion to dismiss the appeal on February 6, 2006. In their response to the motion to dismiss, appellants allege the trial court clerk failed to provide them notice of the judgment as required by Rule 306a of the Texas Rules of Civil Procedure, thereby expanding all the deadlines that are based on the date a final judgment is signed, pursuant to Rule 306a(4). However, Rule 306a(5) provides that in order to establish the application of Rule 306a(4), "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." The record before us does not include such a sworn motion or evidence of a hearing on a sworn motion. Rule 306a(4) does not operate to make appellants' notice of appeal timely filed. *See John v. Marshall Health Services, Inc.*, 58 S.W.3d 738 (Tex. 2001) (per curiam) (discussing application of Rule 306a(4)).

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex.App.–Waco 2003, no pet.). If the notice is untimely, the

court of appeals can take no action other than to dismiss the proceeding. *Id.* Accordingly,

we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3.


James T. Campbell
Justice