Dismissed and Memorandum Opinion filed August 3, 2006








Dismissed
and Memorandum Opinion filed August 3, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00583-CV

____________

 

ROBERT A. CARTMILL, Appellant

 

V.

 

MICHELLE M. CARTMILL, Appellee

 



 

On Appeal from the
247th District Court

Harris County, Texas

Trial Court Cause No.
03-39054

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed March
10, 2006.  Appellant filed a timely motion for new trial.  Appellant=s notice of
appeal, accompanied by a motion for extension of time, was filed on June 26,
2006.  








When appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed.  See Tex. R. App. P. 26.1(a).  An appellate court may extend the
time to file the notice of appeal if appellant files his notice of appeal and a
motion to extend time to file the notice of appeal within fifteen days after
the deadline.  Tex. R. App. P. 26.3.;
see also Verburgt v. Dorner, 959 S.W.2d 615, 617-18 (1997) (construing
the predecessor to Rule 26).

Appellant=s notice of appeal and motion for
extension of time were not filed within the fifteen-day period provided by rule
26.3.  The ninetieth day after judgment was June 8, 2006.  The fifteen day
grace period provided in Rule 26.3 expired on June 23, 2006.  Appellant
acknowledges that his notice of appeal was not filed until June 26, 2006.

On July 17, 2006, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want
of jurisdiction.  See Tex. R.
App. P. 42.3(a).  Appellant filed  a response on July 27, 2006. 
Appellee filed responses objecting to appellant=s motion to extend
time to file the notice of appeal and in support of this court=s proposed
dismissal.

In his response, appellant asserts that he filed a request
for findings of fact and conclusions of law on April 6, 2006, and no findings
and conclusions have been filed.  He asserts that he has been unable to
determine what issues might be raised on appeal in the absence of findings and
conclusions.  Appellant=s request for findings and conclusions was
untimely.  The request for findings of fact and conclusions of law was due no
later than twenty days after the date the judgment was signed, which in this
case was March 30, 2006.  Tex. R. Civ.
P. 296.  Because the request was not filed timely, the trial court was
not required to make findings and conclusions.  








The two cases appellant cited in his response do not
support this court=s jurisdiction.  See Coey v. Texas
Dept. of Family and Protective Services, 2006 WL 1358490, *1 (Tex. App.CAustin May 19,
2006, no pet.) (mem. op.) (holding that statement of points on appeal filed
within time period for filing motion for extension of time to file a notice of
accelerated appeal was sufficient to invoke jurisdiction over appeal from
termination decree); Finley v. J.C. Pace Ltd., 4 S.W.3d 319, 321 (Tex. App.CHouston [1st Dist.] 1999, no pet.)
(holding that timely tendered motion for new trial extends appellate timetable
regardless of when filing fee is paid).  

Once the fifteen-day extension period for filing a notice
of appeal has passed without filing a notice of appeal, a party can no longer
invoke the appellate court=s jurisdiction.  Verburgt, 959
S.W.2d at 617;  In re Estate of Padilla, 103 S.W.3d 563, 567 (Tex. App.CSan Antonio 2003, no pet.). 
A timely notice of appeal is essential to invoke our appellate jurisdiction.  In
re A.L.B., 56 S.W.3d 651, 652 (Tex. App.CWaco 2003, no
pet.).  If the notice is untimely, then the court of appeals can take no action
other than to dismiss the proceeding.  Id.  Because the notice of appeal
in this case was filed beyond the fifteen-day extension period, we have no
choice but to dismiss the appeal.

Accordingly, we deny appellant=s motion for
extension of time to file his notice of appeal.  The appeal is ordered
dismissed for want of jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed August 3, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.