NO. 07-07-0166-CR


NO. 07-07-0167-CR


NO. 07-07-0168-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 4, 2007


______________________________



ELLIS BUTLER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NOS. 49,819-C; 50,096-C; 50,097-C; HON. PATRICK A. PIRTLE, PRESIDING


_______________________________



Memorandum Opinions


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Ellis Butler (appellant) appeals from the orders for withdrawal of funds from his
inmate trust account to offset court costs assessed in his prior convictions. We dismiss the
appeals for lack of jurisdiction.

 The record before us reveals that the "Order[s] for Withdrawal from Inmate
Account. . ." were signed on April 8, 2005. Pursuant to the Texas Rules of Appellate
Procedure, appellant was required to file his motions for new trial or notices of appeal with
the clerk of the trial court no later than 30 days after the signing of the orders, or by May
9, 2005. The notices of appeals were filed on May 2, 2007. Because the deadline to
perfect an appeal was May 9, 2005, the notices appeared untimely. Tex. R. App. P. 26.2
(stating that one must file a notice of appeal within 30 days of the date the final order is
signed, unless that deadline has been extended by motion or rule of procedure). 
Furthermore, no motion (timely or otherwise) to extend the May 9th deadline was received
by this court. 

 By letter dated May 21, 2007, we directed appellant to explain why the notices of
appeal were late or why he believed them to be timely. The explanation was due by May
31, 2007. He was also told that the failure to comply with this directive would result in the
dismissal of the appeals. To date, no response has been received. 

 A timely notice of appeal is essential to invoke our appellate jurisdiction. In re
A.L.B., 56 S.W.3d 651, 652 (Tex. App.-Waco 2003, no pet.). If the notice is untimely, then
the court of appeals can take no action other than to dismiss the proceeding. Id. The
notice at bar being untimely, we dismiss the appeals for want of jurisdiction. 


 Brian Quinn

 Chief Justice


Do not publish.



jacket in the
trunk. Based on the discovery of these narcotics, appellant was arrested.

 The trial court held a hearing on appellant's motion to suppress the evidence
obtained as a result of the detention and search of the vehicle. At this hearing, appellant
conceded that the stop was justified at its inception, but contended that the continued
detention for 29 minutes was not justified and that any evidence resulting from this illegal
detention should be suppressed. Vincent testified that he continued the detention of
appellant because he suspected that appellant possessed narcotics based on appellant's
extreme nervousness, his history of multiple drug-related offenses, and his lying about prior
arrests. After hearing the testimony of Vincent and the arguments of counsel, the court
denied appellant's motion. 

 On appeal, appellant presents three issues: that the trial court erred in denying
appellant's motion to suppress because the duration of the traffic stop violated (1) the
Fourth Amendment of the United States Constitution, (2) article one, section nine of the
Texas Constitution, and (3) article 38.23 of the Texas Code of Criminal Procedure. 
However, appellant's argument in support of each of these alleged violations is the same.

 A trial court's denial of a motion to suppress is reviewed for abuse of discretion. 
Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). A trial court abuses its
discretion when its decision is so clearly wrong as to lie outside of the zone in which
reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex.Crim.App.
1992). In reviewing a ruling on a motion to suppress, we give almost total deference to a
trial court's determination of historical facts if they are supported by the record. Guzman
v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). When the trial court does not make
explicit findings of fact, we assume that the trial court made implicit findings that are
supported by the record and that would support the trial court's ruling. See Carmouche v.
State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). However, we review the application
of the law, including the law of Fourth Amendment searches and seizures, to the facts de
novo. Id. at 327.

 A law enforcement officer may lawfully stop a motorist when the officer has probable
cause to believe that the motorist has committed a traffic violation. Walter v. State, 28
S.W.3d 538, 542 (Tex.Crim.App. 2000). A routine traffic stop is in the nature of an
investigative detention and must be reasonably related in scope to the circumstances that
justified the interference in the first place. See Berkemer v. McCarty, 468 U.S. 420, 439,
104 S.Ct. 3138, 3149-50, 82 L.Ed.2d 317 (1984); Davis v. State, 947 S.W.2d 240, 244
(Tex.Crim.App. 1997). To determine the reasonableness of an investigative detention, we
apply the Terry test: (1) whether the officer's action was justified at its inception, and (2)
whether it was reasonably related in scope to the circumstances that justified the initial
interference. See Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889
(1968); Davis, 947 S.W.2d at 244. An investigative detention may last no longer than is
necessary to carry out the purposes of the stop. Florida v. Royer, 460 U.S. 491, 500, 103
S.Ct. 1319, 75 L.Ed.2d 229 (1983); Davis, 947 S.W.2d at 243. However, if during the
course of a valid investigative detention, the officer develops a reasonable suspicion that
the detainee is engaged in criminal activity, a continued detention is justified. See State
v. Gray, 157 S.W.3d 1, 5 (Tex.App.-Tyler 2004), aff'd, 158 S.W.3d 465 (Tex.Crim.App.
2005). The officer must be able to point to specific articulable facts, which, based on his
experience and personal knowledge coupled with logical inferences drawn from these
facts, warrant the additional intrusion. Davis, 947 S.W.2d at 244. Whether the officer's
suspicion is reasonable is determined from the totality of the circumstances. Woods v.
State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). 

 In the present case, appellant conceded the validity of the traffic stop at its initiation. 
Thus, Vincent's actions were justified at their inception and the first prong of the Terry test
was met. However, under the second prong of the Terry test, an investigative detention
must be temporary and last no longer than is necessary to effectuate the purpose of the
stop. Royer, 460 U.S. at 500; Terry, 392 U.S. at 20. Appellant contends that Vincent was
unable to articulate specific facts sufficient to establish reasonable suspicion to continue
the detention beyond the time necessary to conclude the traffic stop.

 Vincent testified that he suspected that appellant was in possession of narcotics
based on appellant's extreme nervousness, his history of multiple drug-related offenses,
and his lying about having been previously arrested. As we assume that the trial court
made implicit findings that are supported by the record and that would support the trial
court's ruling, we will accept these facts as true. Carmouche, 10 S.W.3d at 327-28. In
light of Vincent's personal knowledge and experience, we conclude that these facts
constituted sufficient specific and articulable facts, when coupled with the reasonable
inferences that can be drawn therefrom, to reasonably justify continuing appellant's
detention beyond the time necessary to conclude the traffic stop. See Coleman v. State,
188 S.W.3d 708, 719 (Tex.App.-Tyler 2005, pet. ref'd) (prior drug-related arrests, lying
about criminal history, and possession of jeweler's bags constituted reasonable suspicion);
Powell v. State, 5 S.W.3d 369, 378 (Tex.App.-Texarkana 1999, pet. ref'd) (nervousness,
conflicting information, prior drug offenses, and lying about prior arrests constituted
reasonable suspicion).

 Appellant further contends that the duration of the continued detention was
unreasonable and violated his rights. To determine whether the duration of an
investigative detention was reasonable, we must determine "whether the police diligently
pursued a means of investigation that was likely to confirm or dispel their suspicion quickly
. . . ." United States v. Sharpe, 470 U.S. 675, 685-86, 105 S.Ct. 1568, 84 L.Ed.2d 605
(1985); St. George v. State, 197 S.W.3d 806, 816-17 (Tex.App.-Fort Worth 2006, no pet.
h.). In the present case, Vincent called for the canine unit immediately after he acquired
sufficient facts to continue the detention of appellant. Therefore, we conclude that Vincent
was diligent in initiating this portion of his investigation. Further, an olfactory inspection by
a police dog trained to detect the odor of illegal drugs was a means of investigation that
was likely to confirm or dispel Vincent's suspicion quickly. That it took the canine unit 29
minutes to arrive at the scene of the detention due to the canine unit being off duty and
being the only such unit in the county does not make the detention unreasonable. See
Sharpe, 470 U.S. at 687 (20 minute detention to allow canine sniff was reasonable); Haas
v. State, 172 S.W.3d 42, 54 n.8 (Tex.App.-Waco 2005, pet. ref'd) (same); Sims v. State,
98 S.W.3d 292, 294 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd) (same). But see United
States v. Place, 462 U.S. 696, 709-10, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (90 minute
detention unreasonable when agents did not act diligently to minimize the delay).

 Having determined that appellants rights were not violated by the detention,
subsequent search, or seizure of the illegal drugs, we overrule appellant's issues and
affirm the trial court's denial of appellant's motion to suppress.


 Mackey K. Hancock

 Justice




Do not publish.