NO. 07-07-0166-CR

NO. 07-07-0167-CR

NO. 07-07-0168-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 4, 2007

______________________________

ELLIS BUTLER, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NOS. 49,819-C; 50,096-C; 50,097-C; HON. PATRICK A. PIRTLE, PRESIDING

_______________________________

Memorandum Opinions

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ellis Butler (appellant) appeals from the orders for withdrawal of funds from his inmate trust account to offset court costs assessed in his prior convictions.  
We dismiss the appeals for lack of jurisdiction.

 The record before us reveals that the “Order[s] for Withdrawal from Inmate Account. . .” were signed on April 8, 2005.  Pursuant to the Texas Rules of Appellate Procedure, appellant was required to file his motions for new trial or notices of appeal with the clerk of the trial court no later than 30 days after the signing of the orders, or by May 9, 2005.  The notices of appeals were filed on May 2, 2007.  Because the deadline to perfect an appeal was May 9, 2005, the notices appeared untimely.  
Tex. R. App. P
. 26.2 (stating that one must file a notice of appeal within 30 days of the date the final order is signed, unless that deadline has been extended by motion or rule of procedure).  Furthermore, no motion (timely or otherwise) to extend the May 9
th
 deadline was received by this court.  

By letter dated May 21, 2007, we directed appellant to explain why the notices of appeal were late or why he believed them to be timely.  The explanation was due by May 31, 2007.  He was also told that the failure to comply with this directive would result in the dismissal of the appeals.  To date, no response has been received. 

 A timely notice of appeal is essential to invoke our appellate jurisdiction.  
In re A.L.B.
, 56 S.W.3d 651, 652 (Tex. App.–
Waco 2003, no pet.).  If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding.  
Id.
  The notice at bar being untimely, we dismiss the appeals for want of jurisdiction. 

Brian Quinn

          Chief Justice

Do not publish.