NO. 07-07-0246-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 27, 2007

_____

LESLIE JOSEPH WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 91-412,296; HON. SAM ABEL MEDINA, PRESIDING

_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Leslie Joseph Williams has filed a *pro se* notice of appeal from his 1991 conviction. He was required to file his notice of appeal with the clerk of the trial court no later than 30 days after sentence was imposed in open court. TEX. R. APP. P. 26.2(a)(1). Williams' notice of appeal was not filed until June 22, 2007.

A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.,* 56 S.W.3d 651, 652 (Tex. App.–Waco 2003, no pet.). If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding. *Id.*

Alternatively, if Williams' pleading is construed as an application for a post-conviction writ of habeas corpus under art. 11.07 of the Texas Code of Criminal Procedure, we likewise have no jurisdiction. *Runnels v. State,* 804 S.W.2d 278 (Tex. App.–Beaumont 1991, no pet.). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained, made returnable to the Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 §3 (Vernon 2005).

We dismiss the appeal for want of jurisdiction.


Brian Quinn
Chief Justice


Do not publish.