**Opinion issued September 22, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00666-CV

———————————

**DENISE PRENT, Appellant**

**V.**

**rJET, L.L.C., Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-20652**

---

### MEMORANDUM OPINION

Appellant, Denise Prent, attempts to challenge the trial court's order, signed

on May 2, 2016, dismissing the lawsuit and assessing costs against the party

incurring same. Prent has filed a motion for an extension of time to file her notice of appeal, and appellee, rJet, L.L.C., has filed a response.

We deny Prent's motion and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after a judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); *see also* TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding motion for extension of time implied when appellant, acting in good faith, files notice of appeal beyond rule 26.1 deadline but within rule 26.3 fifteen-day extension period).

The trial court signed the dismissal order on May 2, 2016. Prent's motion reflects that, on May 9, 2016, she filed a motion to reconsider that was overruled by operation of law on July 16, 2016. *See* TEX. R. CIV. P. 329b(a), (c), (g). Because she timely filed a motion to reconsider, her notice of appeal was due by August 1, 2016, or by August 16, 2016, with a fifteen-day extension. *See* TEX. R. APP. P. 4.1,

2

26.1(a), 26.3. On August 22, 2016, Prent filed her notice of appeal in the trial court and her motion for extension of time in this Court.

In her motion, Prent asserts that her notice of appeal was due on August 15, 2016, suggesting that the deadline for filing the notice of appeal ran from the date her motion to reconsider was overruled by operation of law. However, the deadline for filing the notice of appeal did not run from that date but from the date the trial court signed the dismissal order. *See Hartford Ins. Group v. Perez*, No. 05-11-00195-CV, 2011 WL 2306800, at *1 (Tex. App.—Dallas June 13, 2011, no pet.) (mem. op.) (citing *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 438 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)); *Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (citing *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003)); *see also Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.) (citing *Overka v. Bauri*, No. 14-06-00083-CV, 2006 WL 2074688, at *1 & n.1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.)) ("An order denying a motion for new trial is not independently appealable.").

Here, Prent's extension motion was due to be filed no later than August 16, 2016. Her motion, filed on August 22, 2016, was untimely, and we cannot extend the deadline to file her notice of appeal. *See* TEX. R. APP. P. 26.3; *see also Russell*

3

*& Smith Ford, Inc. v. Universal Underwriters of Tex. Ins. Co.*, No. 01-12-00441-CV, 2012 WL 3629043, at * 1 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (mem. op.) (citing *Verburgt*, 959 S.W.2d at 617) ("Once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction."). Accordingly, we deny Prent's motion for an extension of time to file her notice of appeal.

Prent's notice of appeal, filed on August 22, 2016, was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *see also Cartmill v. Cartmill*, No. 14-06-00583-CV, 2006 WL 2164721, at *1 (Tex. App.—Houston [14th Dist.] Aug. 3, 2006, pet. denied) (mem. op.) (citing *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2003, no pet.)) ("If the notice is untimely, then the court of appeals can take no action other than to dismiss the proceeding."). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). And we dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

4