

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00109-CV

IN RE CLIFF CARPENTER

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2015-C-0027

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Cliff Carpenter has attempted to perfect an appeal from an order entered by the presiding judge of the Tenth Administrative Judicial Region. Because the order is not appealable, we dismiss Carpenter's attempted appeal for want of jurisdiction.

Carpenter was appointed by the 123rd Judicial District Court of Panola County as an investigator to assist in the preparation of the defense of Tammy Crawford, who had been indicted for the state-jail-felony offense of credit card or debit card abuse.[1] Carpenter submitted invoices for payment for his services totaling $53,072.00 and sought payment for that total fee. Following a hearing, the trial court entered an order on August 20, 2018, requiring the auditor of Panola County to pay Carpenter the sum of $2,500.00 for his services and expenses in relation to cause number 2015-C-0027, styled *The State of Texas v. Tammy Crawford*. Unsatisfied with the trial court's order, Carpenter filed a notice of appeal with the judge of the Tenth Administrative Judicial Region. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(c) (Supp.). On January 7, 2019, the presiding judge of the Tenth Administrative Judicial Region entered an order denying Carpenter's request for additional investigative fees. Carpenter now attempts to appeal from that order.

Our jurisdiction, as an appellate court, is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are given specific authority over an appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "An appeal of an order issued by the presiding judge of the administrative judicial region pursuant to Code of

---

[1]The order of appointment authorized Carpenter to receive not more than $2,500.00 for his services.

2

Criminal Procedure Article 26.05(c) is not authorized by statute." *In re Long*, No. 13-10-00612-CV, 2011 WL 1204756, at *1 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (per curiam) (mem. op.). Consequently, it appears that we are without jurisdiction to hear this appeal.

By letter dated January 27, 2020, we informed Carpenter of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate proper grounds for our retention of the appeal. While Carpenter filed a response, he failed to identify any authority to contradict the conclusion that we are without jurisdiction over this appeal. Moreover, Section 26.05(c) of the Texas Code of Criminal Procedure does not authorize an appeal from an order issued by the presiding judge of the administrative judicial region. That section provides, in pertinent part:

> An attorney whose request for payment is disapproved or is not otherwise acted on by the 60th day after the date the request for payment is submitted may appeal the disapproval or failure to act by filing a motion with the presiding judge of the administrative judicial region. On the filing of a motion, the presiding judge of the administrative judicial region shall review the disapproval of payment or failure to act and determine the appropriate amount of payment. In reviewing the disapproval or failure to act, the presiding judge of the administrative judicial region may conduct a hearing. Not later than the 45th day after the date an application for payment of a fee is submitted under this article, the commissioners court shall pay to the appointed counsel the amount that is approved by the presiding judge of the administrative judicial region and that is in accordance with the fee schedule for that county.

TEX. CODE CRIM. PROC. ANN. art. 26.05(c). Although a fee-payment claim may be appealed to the presiding judge of the administrative judicial region, the statute plainly requires the commissioners court to "pay the appointed counsel the amount that is approved by the presiding judge of the administrative judicial region and that is in accordance with the fee schedule for that

3

county." This section does not contemplate a further right of appeal from the order of the presiding judge of the administrative judicial region.[2]

We dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 12, 2020
Date Decided:       February 13, 2020

---

[2]Even if such an order were properly appealable, the notice of appeal filed in this case was untimely. The presiding judge of the administrative judicial region signed the fee payment order on January 7, 2019. Carpenter's notice of appeal was filed on December 16, 2019. *See* TEX. R. APP. P. 26.1 (notice of appeal must be filed within thirty days after judgment is signed). A timely notice of appeal is essential to invoke our appellate jurisdiction. *In re A.L.B.*, 56 S.W.3d 651, 652 (Tex. App.—Waco 2001, no pet.). If the notice is untimely, then we can take no action other than to dismiss the appeal. *Id.*

4