Terry **FLOWERS**, et ux. Jodie Flowers, Appellants,

v.

**DIAMOND OAKS TERRACE APARTMENTS**, Appellee.

No. 2–83–159–CV.

Court of Appeals of Texas, Fort Worth.

April 18, 1984.

B.C. Cornish, Fort Worth, for appellants.

Cecil R. Miskin, Arlington, for appellee.

Before FENDER, C.J., and JORDAN and SPURLOCK, JJ.

OPINION

FENDER, Chief Justice.

This is an appeal from a forcible entry and detainer action. We conclude that we do not have jurisdiction and must, therefore, dismiss the appeal.

Appellee (apartment) filed a forcible entry and detainer action against appellants (tenants) in the Justice Court of Tarrant County, Texas. After a trial by jury, appellants prevailed. Appellee filed a petition in the County Court at Law. At trial, appellee moved for a nonsuit, which was granted. Appellants subsequently initiated this appeal, alleging the trial court erred in granting the nonsuit and, further, in denying them attorney's fees.

■ Although appellee has not raised the question of this Court's jurisdiction of the appeal, we have the authority to consider this question on our own motion. *Family Investment Co. of Houston v. Paley*, 356 S.W.2d 353 (Tex.Civ.App.—Houston 1962, writ dismissed). The appeal of a forcible entry and detainer suit to this Court is governed by Article 3992,[1] which provides:

> The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars.

In construing and applying the provisions of the foregoing statute, the courts of this state have held repeatedly that an appeal does not lie from a judgment of the county court disposing of an action in forcible entry or detainer *unless* damages in excess of $100.00 are awarded. *Woolley v. Burger*, 602 S.W.2d 116, 117 (Tex.Civ.App.—Amarillo 1980, no writ); *New Friendship Baptist Church v. Collins*, 453 S.W.2d 529, 530 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); and *Keils v. Waldron*, 240 S.W.2d 788, 789 (Tex.Civ.App.—Waco 1951, no writ). An appeal of any other issue is outside the jurisdiction of this Court and must be dismissed for want of jurisdiction. *Woolley, supra.* Whether the county court tries the case on the merits or dismisses the case, its judgment finally disposing of the case is conclusive on all issues except damages in excess of one hundred dollars. *Woolley, supra; New Friendship Baptist Church, supra* ("A judgment of dismissal is a perfect and final judgment and is end to lawsuit until properly set aside.")

■ In the instant case, the county court entered an "Order of Nonsuit" disposing of the cause. Neither party was awarded any damages. We, therefore, have no jurisdiction of this appeal.

The appeal is ordered dismissed.

---

1. Art. 3992 has been repealed and replaced by TEX.PROP.CODE ANN. § 24.007 (1983 Pamph.) which provides:
   > A final judgment of a county court in a forcible entry and detainer or a forcible detainer action may not be appealed unless the judgment awards damages greater than $100.

   Sec. 1.001(a) of the Property Code makes it clear that this Act was a recodification only, and no substantive changes in the law was intended.