Ray Lee BIXBY and Raymond
Clarence Bixby,
Appellants,

v.

Don BICE and Wife, Lois
K. Bice, Appellees.

No. 10–99–042–CV.

Court of Appeals of Texas,
Waco.

April 21, 1999.

Stewart W. Devore, Law Offices of Stewart Devore, Jr., P.C., Arlington, for appellant.

Diane Hightower, Meridian, W. Michael Read, Law Office of W.M. Read, Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

TOM GRAY, Justice.

Appellants Ray Lee Bixby and Raymond Clarence Bixby, after a jury trial, received notice on November 17, 1998, that the trial court signed a final judgment on October 14, 1998. Pursuant to Rule 306a, the Bixbys filed what they termed, "Plaintiffs' Sworn Motion to Extend the Commencement of Periods of Time Within Which Plaintiffs Have to file any Post–Judgment Motions and to Perfect Plaintiffs Appeal." *See,* TEX. R CIV. P. 306a. The trial court granted the Bixbys' motion.

Assuming the trial court had jurisdiction to entertain this motion and, thus, rule in favor of the Bixbys, the timetable for filing any post-judgment motions by the Bixbys began on November 17, 1998. *Id.* Pursuant to this extended timetable, the Bixbys timely filed a Motion for New Trial on December 16, 1998. *See,* TEX.R. CIV. P. 329b(a). They then filed their Notice of Appeal on February 17, 1999, ninety-two days after they received notice of the signed judgment.[1] The Bixbys did not request an extension of time to file their Notice of Appeal. *See,* TEX.R.APP. P. 26.3. Don and Lois Bice filed a Cross–Notice of Appeal fourteen days later. Under the facts developed in this case, the timeliness of the Bices' notice depends solely upon the timeliness of the Bixbys' notice. *See,* TEX.R.APP. P. 26.1(d). This Court cannot entertain an appeal without a timely filed notice of appeal. *See, Gonzalez v. Doctors Hospital–East Loop,* 814 S.W.2d 536, 537 (Tex.App.—Houston [1st Dist.] 1991, no pet.)

On March 30, 1999, we notified the parties to this action that we believed the Bixbys' Notice of Appeal was untimely and that the appeal would be dismissed in ten days unless either party could show that the notice was, in fact, timely. TEX.R.APP. P. 42.3. Neither party has responded to our request. Therefore, we dismiss the Bixbys' appeal for want of jurisdiction because their Notice of Appeal was filed late. *Id.; See also,* TEX.R.APP. P. 26.1(a).

Because the sufficiency of the Bices' Cross–Notice of Appeal is dependent on the timeliness of the Bixbys' Notice of Appeal, the cross-appeal is also dismissed for want of jurisdiction. *See,* TEX.R.APP. P. 26.1(d) and 42.3

Costs are to be taxed to both parties equally.

---

**1.** This is the date the· Notice of Appeal was mailed according to the Bixbys' Certificate of Service. The court clerk file-marked the notice on February 22, 1999.