NO. 07-03-0464-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 6, 2004


______________________________



RANDY LACKEY
,




 Appellant


v.



ROBERT E. McCOOL, 




 Appellee

_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-518,887; HON. J. BLAIR CHERRY, PRESIDING


_______________________________



Order of Dismissal


________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Randy Lackey (Lackey) appeals from a take-nothing judgment rendered in favor of
Robert E. McCool (McCool). We dismiss the appeal for lack of jurisdiction. 

 The order granting McCool's summary judgment and finally disposing of all claims
was signed on September 12, 2003. No motion for new trial was filed. Notice of appeal
was received by the trial court clerk and contains a file mark of October 20, 2003. 
Because Lackey's notice of appeal was due no later than October 13, 2003, his notice was
untimely. Tex. R. App. P. 26.1 (stating that one must file a notice of appeal within 30 days
of the date the final order is signed, unless that deadline has been extended by motion or
rule of procedure). Furthermore, no timely motion to extend the October 12th deadline
was received by this court. So, by letter dated December 10, 2003, this court directed
Lackey to explain, by December 22, 2003, either why the notice of appeal was late or why
he believed it to be timely. He was also told that the failure to comply with the directive
may result in the dismissal of the appeal. To date, no response has been received. 

 A timely notice of appeal is essential to invoke our appellate jurisdiction. In re
A.L.B., 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). If the notice is untimely,
then the court of appeals can take no action other than to dismiss the proceeding. Id. 
However, the aforementioned deadline may be extended if, within 15 days after the
deadline expires, a notice of appeal is tendered to the court clerk along with a motion
requesting that the deadline be extended. Tex. R. App. P. 26.3. The motion must contain,
among other things, a recitation of the facts relied on to reasonably explain the need for
an extension. Tex. R. App. P. 10.5(b)(1)(C). And, while we are to imply that a motion to
extend has been filed when a litigant merely tenders a notice of appeal within the
aforementioned window, Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997), Lackey
must still reasonably explain the need for an extension. Kidd v. Paxton, 1 S.W.3d 309, 310
(Tex. App.--Amarillo 1999, writ denied). It is not enough to simply file a notice of appeal. 
Since no explanation has been provided, Lackey has failed to timely perfect his appeal. 
 Bixby v. Bice, 992 S.W.2d 615, 616 (Tex. App.--Waco 1999, no pet.); Miller v. Greenpark
Surgery Center Assoc., 974 S.W.2d 805 (Tex. App.--Houston [14th Dist.] 1998, no writ)
(dismissing because no explanation was offered). 

 Accordingly, we dismiss the appeal for want of jurisdiction. 


 Brian Quinn

 Justice 

 

 



e: 11pt"> by counsel to determine whether
there was any error which could plausibly support an appeal. We have also conducted an
independent review of the entire record. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102
L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). However, we have
found no reversible error and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's
judgment is affirmed.

 Patrick A. Pirtle

 Justice

 


Do not publish. 
1. Honorable Pat Priest, Jr., Senior Judge Sitting by Assignment, presiding over the
Appellant's plea of guilty.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).