# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


NOS.  2-09-047-CV
2-09-048-CV


A.J. MORRIS; A.J. MORRIS, M.D.,                          APPELLANTS
P.A.; MEDICAL ASSOCIATES
CLINICS, PLLC

V.

TEXAS TRUST CREDIT UNION                          APPELLEE

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellee Texas Trust Credit Union seeks dismissal of these two related appeals brought by appellants A.J. Morris; A.J. Morris, M.D., P.A.; and Medical Associates Clinics, PLLC.  Appellee asserts that we lack jurisdiction over the appeals because in the first appeal (number 2-09-047-CV), there is no final and

---

[1] *See* Tex. R. App. P. 47.4.

appealable judgment, and in the second appeal (number 2-09-048-CV), although there is a final and appealable judgment, appellants failed to timely file their notice of appeal. We dismiss both appeals for want of jurisdiction.

## Background Facts

The trial court's original, underlying case—trial court cause number 348-226010-07 (the Original Cause)—involves several parties and multiple claims. On August 4, 2008, in the Original Cause, the trial court signed three orders granting appellee's summary judgment motions as to appellant A.J. Morris's claims.

On October 30, 2008, in that same cause number, the trial court granted appellee's motion for summary judgment with respect to claims asserted by intervenor Unified Life Insurance Company (Unified).[2] The same day, the trial court granted appellee's motion to sever from the Original Cause: (1) all claims asserted by appellant A.J. Morris against appellee; (2) all claims asserted by

---

[2] The October 30, 2008 summary judgment order was titled, "Order Granting Texas Trust Credit Union's Motion for Summary Judgment with Respect to the Intervention Filed by [Unified]." It contained specific decrees related to a life insurance policy, and then it stated that all relief requested in Unified's intervention and in appellee's counterclaim against Unified that had not been specifically granted was denied.

2

Unified in its intervention; and (3) all claims asserted by appellee against Unified.[3] The severance order stated,

> IT IS FURTHER ORDERED that such severed claims and causes of action proceed to final judgment or other disposition in this Court under the style of A.J. Morris, Plaintiff vs. Texas Trust Credit Union, Defendant (and [Unified]) . . . .

> IT IS FURTHER ORDERED that separate judgments be entered in the pending case and the severed case,[4] each judgment to be final and to dispose completely of all of the issues between all of the parties in the respective cases.

> IT IS FURTHER ORDERED that the Order Granting Texas Trust Credit Union's Motion for Summary Judgment with Respect to the Intervention filed by [Unified], entered on October 30, 2008, *shall be the Final Judgment in the severed case*. [Emphasis added.]

On December 1, 2008, appellants filed a motion for new trial in the Severed Cause. On February 13, 2009, appellants filed their notices of appeal in both trial court cause numbers, stating that they desired to appeal from a judgment "dated September 10, 2008."[5] That same day, they also filed

---

[3] The August 4, 2008 summary judgment orders, as combined with the October 30, 2008 summary judgment order, completely resolved all of the claims that the trial court severed. Unified has filed a conditional notice of appeal, which indicates that it desires to appeal the trial court's orders only if we determine that we have jurisdiction over these appeals.

[4] We will refer to the severed case, trial court cause number 348-233673-08, as "Severed Cause" in the remainder of this opinion.

[5] The record does not contain a judgment dated September 10, 2008. The trial court's order granting appellee's motion for severance indicates that the severance motion was filed on that date. Appellants later corrected their

motions to extend time to file their notices of appeal in both appellate cause numbers. On February 20, 2009, appellee filed its responses to appellants' motions to extend time, contending that the motions to extend time were filed too late and that we are therefore without jurisdiction over the appeal from the Severed Cause. On February 27, 2009, we sent appellants' counsel two letters expressing our concerns that (1) in the Original Cause, we did not have jurisdiction because the trial court had not entered a final, appealable order; and (2) in the Severed Cause, the notice of appeal was untimely filed. *See* Tex. R. App. P. 42.3(a), 44.3.

On March 17, 2009, appellants filed their amended notices of appeal; they also filed responses to our jurisdictional letters. Those responses contended that the trial court's severance order unclearly designated which causes of action had been finally adjudicated and that the severance order required further action before any judgment became final in the Severed Cause.

Later in March, we received appellants' amended responses to our jurisdictional letters, which appellants filed in both appellate cause numbers.[6] We also received appellants' second amended notices of appeal, which they

notices of appeal to designate October 30, 2008 as the date of the trial court's judgment.

[6] The amended responses were almost identical to the original responses.

4

filed in both trial court cause numbers. Appellee filed replies to appellants' jurisdictional responses; these replies asserted that we lack jurisdiction over both appeals because there is no final judgment in the Original Cause and because there was no timely notice of appeal in the Severed Cause.[7]

## Our Jurisdiction Over These Appeals

### Jurisdictional standards

Issues related to our jurisdiction over an appeal may be raised by the parties or on our own motion at any time. *See Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 n.1 (Tex. App.—Fort Worth 2003, no pet.); *Flowers v. Diamond Oaks Terrace Apartments*, 669 S.W.2d 432, 433 (Tex. App.—Fort Worth 1984, no writ). When we determine that we do not have jurisdiction over an appeal, we must dismiss the appeal. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *Hartford Underwriters Ins.*, 110 S.W.3d at 591; *see also Reger v. State*, 222 S.W.3d 510, 512–13 (Tex. App.—Fort Worth 2007, pet. ref'd) (describing our jurisdiction as "fundamental" and explaining that when there is no jurisdiction, "we have no power to dispose of the purported appeal in any manner other

---

[7] Our correspondence to the parties relates that the first of these appeals, Cause No. 2-09-047-CV, concerns the trial court's Original Cause, and that the second appeal, Cause No. 2-09-048-CV, concerns the trial court's Severed Cause.

5

than to dismiss it for want of jurisdiction"), *cert. denied*, 128 S. Ct. 917 (2008).

**Our jurisdiction of appellants' appeal from the Severed Cause based on the timeliness of appellants' notices of appeal**

Times for filing a notice of appeal are mandatory and jurisdictional, and absent a timely filed notice of appeal or a timely extension request, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). In civil cases, when a timely motion for new trial is filed, the notice of appeal must be filed within ninety days after the appealable judgment is signed, and any motion for an extension to that deadline must be filed not more than fifteen days later. *See* Tex. R. App. P. 26.1(a), 26.3; *Howlett v. Tarrant County*, No. 02-07-00373-CV, 2008 WL 4052932, at *1 (Tex. App.—Fort Worth Aug. 29, 2008, no pet. h.); *Bixby v. Bice*, 992 S.W.2d 615, 616 (Tex. App.—Waco 1999, no pet.).

Here, the trial court signed the final judgment in the Severed Cause on October 30, 2008, as is indicated by our record, as is expressly recited by the language of the trial court's severance order (signed that same day), and as is quoted above.[8] Appellants timely filed their motion for new trial in that cause

---

[8] In Appellants' response to our jurisdictional letters, they noted that the trial court's severance order, although signed on October 30, 2008, was not filed until the next day, and it was not served on appellants until November 4,

6

on December 1, 2008, within thirty days after the judgment was signed. *See* Tex. R. Civ. P. 4, 329b(a); *In re D.W.*, 249 S.W.3d 625, 643 (Tex. App.—Fort Worth), *pet. denied*, 260 S.W.3d 462 (Tex. 2008). Therefore, their notice of appeal was due by January 28, 2009, ninety days after the judgment was signed. *See* Tex. R. App. P. 26.1(a). Thus, any extension request was due by February 12, 2009, fifteen days later. *See* Tex. R. App. P. 26.3.

Appellants did not file their notices of appeal or their extension motion until February 13, 2009. Thus, they failed to timely invoke our jurisdiction over an appeal from the Severed Cause. *See* Tex. R. App. P. 25.1(b), 26.1(a), 26.3; *Verburgt,* 959 S.W.2d at 617 (stating that "once the period for granting a motion for extension of time . . . has passed, a party can no longer invoke the appellate court's jurisdiction"). Accordingly, we deny appellants' extension motion, and we dismiss their appeal, number 2-09-048-CV, from the Severed

---

2008. However, it is the trial court's signing of a severance order, not the date of the order's filing or its serving, that makes an otherwise interlocutory summary judgment become final, thus triggering our jurisdictional deadlines. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994); *Canada v. Wells Fargo Bank, N.A.*, No. 02-07-00437-CV, 2009 WL 279379, at *1–2 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (mem. op.). Also, contrary to appellants' implications in their jurisdictional responses that it is unclear whether the Severed Cause contains a final judgment, the trial court's severance order, as quoted above, clearly expresses the finality of the October 30, 2008 summary judgment order in the Severed Cause, and Appellants' Second Amended Notice of Appeal recites that they "desire[d] to appeal the Judgment . . . dated October 30, 2008."

7

Cause. *See In re T.L.S.*, 143 S.W.3d 284, 290 (Tex. App.—Waco 2004, no pet.) (denying an untimely extension motion).

**Our jurisdiction of appellants' appeal from the Original Cause based on the general requirement of appealing from a final judgment**

A party may appeal only from a final judgment or an interlocutory order specifically made appealable by statute or rule. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pet. denied). A judgment is final "for purposes of appeal if it disposes of all pending parties and claims in the record." *Lehmann*, 39 S.W.3d at 195.

Appellee has represented that there are unresolved claims remaining in the Original Cause and that such claims are scheduled for resolution at trial. The trial court signed an order on January 27, 2009 that set a trial date in the Original Cause. On April 2, 2009, the Tarrant County District Clerk sent appellee's attorney a notice confirming that trial setting. Also, the style of documents that were filed in the Original Cause references parties in the trial court that have not been designated as parties to this appeal.[9]

---

[9] For instance, the documents indicate that Blue Cross and Blue Shield of Texas, Humana Insurance Company, and Aetna Health and Life Insurance Company are third-party defendants in the Original Cause.

8

Because it appeared that there were unresolved claims and parties in the Original Cause, we sent appellants a letter expressing our concern that there was no final or appealable judgment in that cause. Appellants have not filed a response that establishes any such judgment exists in that cause; rather, their responses to our letters refer only to the October 30, 2008 order that the trial court designated as the final judgment in the Severed Cause. Finally, appellants have not directed us to any judgment filed in the Original Cause that is made appealable by statute or rule.

Because appellants have not responded to our jurisdictional inquiry by establishing that they are appealing from an appealable judgment in the Original Cause, we do not have jurisdiction to consider the appeal, number 2-09-047-CV, from that cause. *See Lehmann*, 39 S.W.3d at 195; *In re S.A.A.*, No. 02-08-00080-CV, 2008 WL 2002744, at *1 (Tex. App.—Fort Worth May 8, 2008, no pet.) (mem. op.) (dismissing an appeal because after we sent a letter concerning our jurisdiction, neither party presented us with an appealable judgment); *Betts v. Gilbert*, No. 02-04-00107-CV, 2004 WL 1176640, at *1 (Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op.) (same).

9

**Conclusion**

Because we conclude that we do not have jurisdiction to consider either of these appeals, we deny appellants' motions to extend time to file their notices of appeal, and we dismiss the appeals.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DATED:  May 28, 2009