COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.  2-09-047-CV

        2-09-048-CV

 

 

A.J. MORRIS; A.J. MORRIS, M.D.,                                       APPELLANTS

P.A.; MEDICAL ASSOCIATES

CLINICS, PLLC

                                                   V.

 

TEXAS TRUST CREDIT UNION                                                  APPELLEE

 

                                              ------------

 

           FROM THE 348TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellee Texas Trust Credit Union seeks dismissal
of these two related appeals brought by appellants A.J. Morris; A.J. Morris,
M.D., P.A.; and Medical Associates Clinics, PLLC.  Appellee asserts that we lack jurisdiction
over the appeals because in the first appeal (number 2-09-047-CV), there is no
final and appealable judgment, and in the second appeal (number 2-09-048-CV),
although there is a final and appealable judgment, appellants failed to timely
file their notice of appeal.  We dismiss
both appeals for want of jurisdiction.

                                        Background
Facts

The trial court=s
original, underlying caseCtrial court cause number
348-226010-07 (the Original Cause)Cinvolves
several parties and multiple claims.  On
August 4, 2008, in the Original Cause, the trial court signed three orders
granting appellee=s summary judgment motions as to
appellant A.J. Morris=s claims.








On October 30, 2008, in that same cause number,
the trial court granted appellee=s motion
for summary judgment with respect to claims asserted by intervenor Unified Life
Insurance Company (Unified).[2]  The same day, the trial court granted
appellee=s motion
to sever from the Original Cause: (1) all claims asserted by appellant A.J.
Morris against appellee; (2) all claims asserted by Unified in its
intervention; and (3) all claims asserted by appellee against Unified.[3]  The severance order stated,

IT IS FURTHER ORDERED that such severed claims and causes of action
proceed to final judgment or other disposition in this Court under the style of
A.J. Morris, Plaintiff vs. Texas Trust Credit Union, Defendant (and [Unified])
. . . .

 

IT IS FURTHER ORDERED that separate judgments be entered in the
pending case and the severed case,[4]
each judgment to be final and to dispose completely of all of the issues
between all of the parties in the respective cases.

 

IT IS FURTHER ORDERED that the Order Granting Texas Trust Credit Union=s Motion for Summary
Judgment with Respect to the Intervention filed by [Unified], entered on
October 30, 2008, shall be the Final Judgment in the severed case.  [Emphasis added.]

 








On December 1, 2008, appellants filed a motion
for new trial in the Severed Cause.  On
February 13, 2009, appellants filed their notices of appeal in both trial court
cause numbers, stating that they desired to appeal from a judgment Adated
September 10, 2008.@[5]  That same day, they also filed motions to
extend time to file their notices of appeal in both appellate cause
numbers.  On February 20, 2009,
appellee filed its responses to appellants= motions
to extend time, contending that the motions to extend time were filed too late
and that we are therefore without jurisdiction over the appeal from the Severed
Cause.  On February 27, 2009, we sent
appellants= counsel two letters expressing our
concerns that (1) in the Original Cause, we did not have jurisdiction because
the trial court had not entered a final, appealable order; and (2) in the
Severed Cause, the notice of appeal was untimely filed.  See Tex. R. App. P. 42.3(a), 44.3.

On March 17, 2009, appellants filed their amended
notices of appeal; they also filed responses to our jurisdictional
letters.  Those responses contended that
the trial court=s severance order unclearly
designated which causes of action had been finally adjudicated and that the
severance order required further action before any judgment became final in the
Severed Cause.








Later in March, we received appellants= amended
responses to our jurisdictional letters, which appellants filed in both
appellate cause numbers.[6]  We also received appellants= second
amended notices of appeal, which they filed in both trial court cause
numbers.  Appellee filed replies to
appellants= jurisdictional responses; these
replies asserted that we lack jurisdiction over both appeals because there is
no final judgment in the Original Cause and because there was no timely notice
of appeal in the Severed Cause.[7]

                            Our
Jurisdiction Over These Appeals

Jurisdictional standards








Issues related to our jurisdiction over an appeal
may be raised by the parties or on our own motion at any time.  See Hartford Underwriters Ins. v. Mills,
110 S.W.3d 588, 590 n.1 (Tex. App.CFort
Worth 2003, no pet.); Flowers v. Diamond Oaks Terrace Apartments, 669
S.W.2d 432, 433 (Tex. App.CFort
Worth 1984, no writ).  When we determine
that we do not have jurisdiction over an appeal, we must dismiss the
appeal.  See New York Underwriters
Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); Hartford
Underwriters Ins., 110 S.W.3d at 591; see also Reger v. State, 222
S.W.3d 510, 512B13 (Tex. App.CFort
Worth 2007, pet. ref=d) (describing our jurisdiction
as Afundamental@ and
explaining that when there is no jurisdiction, Awe have
no power to dispose of the purported appeal in any manner other than to dismiss
it for want of jurisdiction@), cert.
denied, 128 S. Ct. 917 (2008).

Our jurisdiction of
appellants= appeal from the Severed
Cause based on the timeliness of appellants= notices of appeal

 

Times for filing a notice of appeal are mandatory
and jurisdictional, and absent a timely filed notice of appeal or a timely
extension request, we must dismiss the appeal. 
See Tex. R. App. P. 25.1(b), 26.1, 26.3; Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997).  In
civil cases, when a timely motion for new trial is filed, the notice of appeal
must be filed within ninety days after the appealable judgment is signed, and
any motion for an extension to that deadline must be filed not more than
fifteen days later.  See Tex. R.
App. P. 26.1(a), 26.3; Howlett v. Tarrant County, No. 02‑07‑00373‑CV,
2008 WL 4052932, at *1 (Tex. App.CFort
Worth Aug. 29, 2008, no pet. h.); Bixby v. Bice, 992 S.W.2d 615, 616
(Tex. App.CWaco 1999, no pet.).








Here, the trial court signed the final judgment
in the Severed Cause on October 30, 2008, as is indicated by our record, as is
expressly recited by the language of the trial court=s
severance order (signed that same day), and as is quoted above.[8]  Appellants timely filed their motion for new
trial in that cause on December 1, 2008, within thirty days after the judgment
was signed.  See Tex. R. Civ. P.
4, 329b(a); In re D.W., 249 S.W.3d 625, 643 (Tex. App.CFort
Worth), pet. denied, 260 S.W.3d 462 (Tex. 2008).  Therefore, their notice of appeal was due by
January 28, 2009, ninety days after the judgment was signed.  See Tex. R. App. P. 26.1(a).  Thus, any extension request was due by
February 12, 2009, fifteen days later.  See
Tex. R. App. P. 26.3.








Appellants did not file their notices of appeal
or their extension motion until February 13, 2009.  Thus, they failed to timely invoke our
jurisdiction over an appeal from the Severed Cause.  See Tex. R. App. P. 25.1(b), 26.1(a),
26.3; Verburgt, 959 S.W.2d at 617 (stating that Aonce the
period for granting a motion for extension of time . . . has passed, a party
can no longer invoke the appellate court=s
jurisdiction@).  Accordingly, we deny appellants=
extension motion, and we dismiss their appeal, number 2-09-048-CV, from the
Severed Cause.  See In re T.L.S.,
143 S.W.3d 284, 290 (Tex. App.CWaco
2004, no pet.) (denying an untimely extension motion).

Our jurisdiction of
appellants= appeal from the Original
Cause based on the general requirement of appealing from a final judgment

 

A party may appeal only from a final judgment or
an interlocutory order specifically made appealable by statute or rule.  See Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); Sanders v. City of Grapevine, 218 S.W.3d
772, 776 (Tex. App.CFort Worth 2007, pet.
denied).  A judgment is final Afor
purposes of appeal if it disposes of all pending parties and claims in the
record.@  Lehmann, 39 S.W.3d at 195.

Appellee has represented that there are
unresolved claims remaining in the Original Cause and that such claims are
scheduled for resolution at trial.  The
trial court signed an order on January 27, 2009 that set a trial date in the
Original Cause.  On April 2, 2009, the
Tarrant County District Clerk sent appellee=s
attorney a notice confirming that trial setting.  Also, the style of documents that were filed
in the Original Cause references parties in the trial court that have not been
designated as parties to this appeal.[9]








Because it appeared that there were unresolved
claims and parties in the Original Cause, we sent appellants a letter
expressing our concern that there was no final or appealable judgment in that
cause.  Appellants have not filed a
response that establishes any such judgment exists in that cause; rather, their
responses to our letters refer only to the October 30, 2008 order that the
trial court designated as the final judgment in the Severed Cause.  Finally, appellants have not directed us to
any judgment filed in the Original Cause that is made appealable by statute or
rule.

Because appellants have not responded to our
jurisdictional inquiry by establishing that they are appealing from an
appealable judgment in the Original Cause, we do not have jurisdiction to
consider the appeal, number 2-09-047-CV, from that cause.  See Lehmann, 39 S.W.3d at 195; In
re S.A.A., No. 02‑08‑00080‑CV, 2008 WL 2002744, at *1
(Tex. App.CFort Worth May 8, 2008, no pet.)
(mem. op.) (dismissing an appeal because after we sent a letter concerning our
jurisdiction, neither party presented us with an appealable judgment); Betts
v. Gilbert, No. 02‑04‑00107‑CV, 2004 WL 1176640, at *1
(Tex. App.CFort Worth May 27, 2004, no
pet.) (mem. op.) (same).








                                             Conclusion

Because we conclude that we do not have
jurisdiction to consider either of these appeals, we deny appellants= motions
to extend time to file their notices of appeal, and we dismiss the
appeals.  See Tex. R. App. P.
42.3(a), 43.2(f).

 

TERRIE
LIVINGSTON

JUSTICE

 

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DATED:  May 28, 2009











[1]See Tex. R. App. P. 47.4.





[2]The October 30, 2008
summary judgment order was titled, AOrder Granting Texas Trust Credit Union=s Motion for Summary
Judgment with Respect to the Intervention Filed by [Unified].@  It contained specific decrees related to a
life insurance policy, and then it stated that all relief requested in Unified=s intervention and in
appellee=s counterclaim against
Unified that had not been specifically granted was denied.





[3]The August 4, 2008
summary judgment orders, as combined with the October 30, 2008 summary judgment
order, completely resolved all of the claims that the trial court severed.  Unified has filed a conditional notice of
appeal, which indicates that it desires to appeal the trial court=s orders only if we
determine that we have jurisdiction over these appeals.





[4]We will refer to the
severed case, trial court cause number 348-233673-08, as ASevered Cause@ in the remainder of this
opinion.





[5]The record does not
contain a judgment dated September 10, 2008. 
The trial court=s order granting appellee=s motion for severance
indicates that the severance motion was filed on that date.  Appellants later corrected their notices of
appeal to designate October 30, 2008 as the date of the trial court=s judgment.





[6]The amended responses
were almost identical to the original responses.





[7]Our correspondence to the
parties relates that the first of these appeals, Cause No. 2-09-047-CV,
concerns the trial court=s Original Cause, and
that the second appeal, Cause No. 2-09-048-CV, concerns the trial court=s Severed Cause.





[8]In Appellants= response to our
jurisdictional letters, they noted that the trial court=s severance order,
although signed on October 30, 2008, was not filed until the next day, and it
was not served on appellants until November 4, 2008.  However, it is the trial court=s signing of a severance
order, not the date of the order=s filing or its serving, that makes an otherwise
interlocutory summary judgment become final, thus triggering our jurisdictional
deadlines.  See Martinez v. Humble
Sand & Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994); Canada v.
Wells Fargo Bank, N.A., No. 02‑07‑00437‑CV, 2009 WL
279379, at *1B2 (Tex. App.CFort Worth Feb. 5, 2009,
no pet.) (mem. op.).  Also, contrary to
appellants= implications in their
jurisdictional responses that it is unclear whether the Severed Cause contains
a final judgment, the trial court=s severance order, as quoted above, clearly
expresses the finality of the October 30, 2008 summary judgment order in the
Severed Cause, and Appellants= Second Amended Notice of Appeal recites that
they Adesire[d] to appeal the
Judgment . . . dated October 30, 2008.@





[9]For instance, the
documents indicate that Blue Cross and Blue Shield of Texas, Humana Insurance
Company, and Aetna Health and Life Insurance Company are third-party defendants
in the Original Cause.